UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FILED**
AUG 0 8 2006
CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| JOHN LOUIS NORTHCOTT and ) | Case No. 6:05-bk—14824-ABB |
| MARIA F. NORTHCOTT, ) | Chapter 7 |
| ) | |
| Debtors. ) | |

| | |
|---|---|
| CHRISTINE FISCHER NORTHCOTT, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 6:06-ap-00061-ABB |
| ) | |
| vs. ) | |
| ) | |
| JOHN LOUIS NORTHCOTT and ) | |
| MARIA F. NORTHCOTT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This adversary proceeding came on for hearing on July 17, 2006 upon Christine Fischer Northcott's ("Plaintiff") Complaint seeking nondischargeability of approximately $25,522.68 of debt owed by John Louis Northcott ("Defendant"), her former husband, pursuant to 11 U.S.C. § 523(a)(15).[1] An evidentiary hearing on the Complaint was held at which counsel for John Louis Northcott and Maria F. Northcott (the "Debtors") appeared, the Defendant appeared and Plaintiff appeared *pro se*. The issues for determination are whether the Defendant has the ability to pay the debt or whether discharging the debt would result in a benefit to the Defendant that outweighs the detrimental consequences to his former spouse or children. After reviewing the

---

[1] A Motion to Dismiss for failure to state a cause of action (Doc. No. 7) was pending before the Court at the time of the final evidentiary hearing. The Motion is being granted in part as to Maria F. Northcott who is not a party to the Marital Settlement Agreement and has no financial obligation to the Plaintiff. The term "Defendant" as used herein refers to John Louis Northcott only.

pleadings and evidence, hearing argument and being otherwise fully advised in the premises, the Court finds that the debt is dischargeable.

## FINDINGS OF FACT

Defendant and Plaintiff were formerly married. They executed a Marital Settlement Agreement in connection with their divorce case which divides the assets and liabilities requiring Defendant to pay one-half of the marital debts totaling approximately $26,000.00. Defendant has paid less than $1,000.00 toward that obligation. The debt in dispute does not involve alimony or child support. Defendant is remarried. His spouse is employed, has a child and their household expenses exceed their income. Their expenses are not unreasonable.

The evidence demonstrates Defendant has made an effort to comply with his obligations to his former spouse by procuring employment at various jobs which have provided limited income over time, but have not enabled him to afford one-half of the marital debts. His employment has been impacted by treatment for medical conditions. Some employment has been provided by family members over brief periods of time.

Recently, Defendant received an $18,000.00 inheritance which was used to pay expenses but did not enable him to pay one-half of the marital debts. Defendant was evicted from his apartment and has a history of borrowing money from friends and family to relocate or meet his support obligations. Defendant is current with his child support. He does not have the ability to pay both his marital debts and expenses for the maintenance and support of himself and his dependents. Discharge of one-half of the marital debt would enable Defendant to keep current with his child support, maintain a home his children can visit and provide a fresh start for his family with a level of stability they have not had in some time.

Plaintiff is a working mother with a stable employment history and currently works part-time as a nurse at $25.00 per hour approximately 24 hours per week. She raises three children who she cares for and transports to school daily. She carries health insurance on the children due

to her former husband's poor employment history and unreliability of a stable health plan for the children. She funds the Florida prepaid college program for her children, owns an automobile which is paid for and owns a home which her parents helped her purchase.

Plaintiff has aggressively pursued resolution of some of the marital debt and her personal financial obligations. She has negotiated and paid settlements to a number of creditors involved in the marital debts which in some cases extinguished the full obligation owed. She sold the marital residence to the mortgage holders in settlement of their debt. Her parents and her sister-in-law are owed marital debts and are not pressuring her for the money. Debts are still owed to some creditors including Suntrust and medical providers. Discharge of the marital debt would result in a benefit to the Defendant that outweighs the detrimental consequences to the Plaintiff or their children who are in the care of their mother.

## CONCLUSIONS OF LAW

The filing of bankruptcy by a party to a divorce is difficult on both parties. Balancing the interests of those parties, particularly when children are involved, is a delicate process. Congress has struggled with this issue as evidenced by the recent changes to Section 523(a)(15) in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The changes relevant to this code provision took effect on cases filed on or after October 17, 2005 and deleted the two tests, parts (A) and (B) that formerly permitted discharge of some non-support debts. This case, however, was filed prior to the changes mandated by BAPCPA, and requires consideration of the two tests of § 523(a)(15)(A) and (B) which more liberally permit discharge of some non-support debts.

Section 523 prior to BAPCPA provides in relevant part that a discharge pursuant to Section 727 of the Bankruptcy Code does not discharge a debtor from a debt to a spouse or child incurred by the debtor in connection with a divorce decree unless:

    (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation preservation, and operation of such business; or

    (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequence to a spouse, former spouse, or child of a debtor;

11 U.S.C. § 523(a)(15).

Exceptions to the dischargeability of a debt are to be strictly construed in favor of debtors. The burden shifts to the debtor after it is established the debt was incurred by the debtor in connection with a divorce decree. The debtor must then establish by a preponderance of the evidence one of the two alternative exceptions in order to have the debt otherwise nondischargeable pursuant to Section 523(a)(15) deemed dischargeable. <u>Christison v. Christison (In re Christison)</u>, 201 B.R. 298, 307 (Bankr. M.D. Fla. 1996); <u>Grogan v. Garner</u>, 498 U.S. 279, 287, 111 S.Ct. 654, 659-60, 112 L.Ed.2d 755 (1991). The balancing test of whether a discharge would result in a benefit to the debtor that outweighs the detrimental consequences to a former spouse pursuant to Section 523(a)(15)(B) must be analyzed even if the debtor has the ability to pay such debt pursuant to Section 523(a)(15)(A).

The focus of Section 523(a)(15)(A) is whether the debtor's budgeted expenses are reasonably necessary. <u>Christison</u>, 201 B.R. at 309. Defendant's living expenses are not unreasonable. He has established by a preponderance of the evidence that he does not have the ability to pay both his marital debts and expenses for the maintenance and support of himself and his dependents.

Discharge of the marital debt provides the fresh start intended by Congress in drafting the Bankruptcy Code. In balancing this interest against his former spouse, the discharge benefits the Defendant in a manner that outweighs the detrimental consequences to his former spouse who

has demonstrated her ability to maintain employment and manage her finances well.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Motion to Dismiss the complaint for failure to state a cause of action against Maria F. Northcott is **GRANTED**; it is further

**ORDERED, ADJUDGED and DECREED** that the marital debt approximating $26,000.00 owed by John Louis Northcott to Christine Fischer Northcott is **DISCHARGEABLE** pursuant to 11 U.S.C. § 523(a)(15)(A) and (B).

DONE AND ORDERED in Orlando, Florida, on the 8th day of August, 2006.

_____
ARTHUR B. BRISKMAN
United States Bankruptcy Judge